# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO HURTADO,<br><br>Defendant. | Case No.: '21 MJ1579<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324 (a)(1)(A)(i) Attempted Bringing in of Aliens at Other Than a Port of Entry (Felony); and<br>Title 18 U.S.C § 111(a)(1): Assault on a Federal Officer (Felony) |

The undersigned complainant being duly sworn states:

## COUNT 1

On or about May 2, 2021, within the Southern District of California, defendant ANTONIO HURTADO, with the intent to violate the immigration laws of the United States, knowing that certain individuals, namely, Everardo AMAYA-Lopez, Francisco CARRENO-Cruz, R.C.G., Salvador PEREZ-Cuellar, L.M.H.H, Hector SANCHEZ-Hernandez, Javier PALAFOX-Cruz, Juana ROJAS-Angel, Isaac GARCIA-Orozco, Fernando TAPIA-Torres, Fabian RAMIREZ-Fernandez, Fidel HERNANDEZ-Martinez, Jose GOMEZ-Hernandez, Ivan JUAREZ-Hernandez, Julio ZUNIGA, Luz SANCHEZ-Hernandez, R.I.D.G, Maricela VALENTIN-Bangel, Jose GARCIA-Isidro, Eberardo VILLALVA-Vasquez, Isaac MARTINEZ-Rodriguez, Maria ISIDRO-Garcia, Florentino MARTINEZ-Gomez, Edgar AVALOS-Enriquez, Deyaneira MIRON-Avelar, David MIRON-Lopez, Amilcar NATUL-Mateo, an unidentified individual herein referred to as John DOE, Eduardo HERNANDEZ-Martinez, Maricela HERNANDEZ-Sanchez (deceased), Victor PEREZ-Degollado (deceased), and Maria Eugenia CHAVEZ-Segovia (deceased), are aliens, did attempt to bring to the United States

said aliens, at a place other than a designated port of entry or at a place other than as designated by the Commissioner; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i).

### Count 2

On or about May 2, 2021, within the Southern District of California, defendant Antonio HURTADO, did forcibly assault a person designated in Title 18, United Stated Code, Section 1114, to wit, United States Border Patrol Agent Xalick J. Castorena, while he was engaged in and on account of the performance of his official duties, and in commission of such act, made physical contact with and inflicted bodily injury upon Agent Castorena; in violation of 18 U.S.C. § 111(a) and (b).

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Special Agent Kerstyn Kowalski
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 4th of May 2021.

*William V. Gallo*
WILLIAM V. GALLO
U.S. MAGISTRATE JUDGE

# STATEMENT OF FACTS

On May 2, 2021, at approximately 10:00 a.m., the United States Coast Guard received a report of a vessel run aground approximately 50 yards from the shore near Point Loma, California. Shortly thereafter, it was reported that multiple individuals were in the water needing assistance. At approximately 10:33 a.m., the United States Coast Guard and other law-enforcement entities commenced a multi-agency, mass rescue operation. At the conclusion of this operation, 33 individuals were pulled out of the water. Three individuals were determined to be deceased. The remaining 30 individuals were transported by emergency medical personnel to nearby hospitals for evaluation and treatment.

The United States Border Patrol identified the 30 rescued individuals as: Antonio HURTADO (Defendant); Everardo AMAYA Lopez (Material Witness 1); Francisco CARRENO Cruz (Material Witness 2); R.C.G. (Material Witness 3); Salvador PEREZ Cuellar (Material Witness 4), L.M.H.H.; a juvenile (Material Witness 5); Hector SANCHEZ Hernandez (Material Witness 6); Javier PALAFOX Cruz (Material Witness 7); Juana ROJAS Angel (Material Witness 8); Isaac GARCIA Orozco (Material Witness 9); Fernando TAPIA Torres (Material Witness 10); Fabian RAMIREZ Fernandez (Material Witness 11); Fidel HERNANDEZ Martinez (Material Witness 12); Jose GOMEZ Hernandez (Material Witness 13); Ivan JUAREZ Hernandez (Material Witness 14); Julio ZUNIGA (Material Witness 15); Luz SANCHEZ Hernandez (Material Witness 16); R.I.D.G. (Material Witness 17); Maricela VALENTIN Bangel (Material Witness 18); Jose GARCIA Isidro (Material Witness 19); Eberardo VILLALVA Vasquez (Material Witness 20); Isaac MARTINEZ Rodriguez (Material Witness 21); Maria ISIDRO Garcia (Material Witness 22); Florentino MARTINEZ Gomez (Material Witness 23); Edgar AVALOS Enriquez (Material Witness 24); Deyaneira MIRON Avelar (Material Witness 25); David MIRON Lopez (Material Witness 26); Amilcar

NATUL Mateo (Material Witness 27); an unidentified individual herein referred to as John DOE (Material Witness 28); and Eduardo HERNANDEZ Martinez (Material Witness 29). Fingerprints were taken from the three deceased individuals, and by comparison with immigration records and identification found on the individuals, agents determined their identities to be Maricela HERNANDEZ Sanchez (deceased), Victor PEREZ Degollado (deceased), and Maria Eugenia CHAVEZ Segovia (deceased), all of whom were Mexican citizens without legal right to enter or remain in the United States.

After being released from various hospitals, agents conducted interviews of Material Witnesses (MW) 1-26, each of whom admitted to being a citizen of Mexico. MWs 27 are 28 are still in the hospital and receiving medical attention, and thus could not be interviewed by federal agents; however, MW27 reportedly advised hospital staff that he is a citizen of Guatemala. MW 29 was released from the hospital and currently is not in federal custody. All interviewed MWs admitted that they lacked lawful documents to enter or reside in the United States. The complainant states that MW 1-27 are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impractical to secure their attendance at trial by subpoena; and that they are material witnesses in relation to these criminal changes and should be held or admitted to bail as prescribed in Title 18 United States Code, Section 3144. MW 28 is in critical condition and has not been interviewed by federal agents or hospital staff, but based upon the circumstances of his apprehension, the undersigned believes the same to be true of MW 28.

During their statements, MW 1-25 and 27 admitted that they were paying between $15,000 and $18,500 to be smuggled into the United States. These material witnesses were shown a six-pack photograph line-up with Defendant's picture and MW 1-7, MW 9-14, MW 17-20, and MW 22-25 identified Defendant as the captain

and the individual who piloted the vessel from Mexico into United States territorial waters. MW 8, MW 15, MW 16, and MW 21 failed to identify anyone depicted in the photographic lineup as the captain. MW 26 declined to provide a statement. No material witnesses identified anyone else depicted in the photographic lineup as the captain of the vessel.

While at the Imperial Beach Border Patrol Station, United States Border Patrol Agents were attempting to place leg shackles on HURTADO's right ankle when HURTADO deliberately struck United States Border Patrol Agent Xalick J. Castorena in the head with his knee. Agent Castorena suffered slight redness on his forehead and a burning sensation.

HURTADO was placed under arrest for violation of 8 U.S.C. § 1324 and 18 U.S.C. § 111.